IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOYCE SUZANNE MURPHY,

          ORDER

    Plaintiff,

v.              10-cv-114-slc

STATE OF WISCONSIN DEPT. OF JUSTICE,

    Respondent.

---

  In an order entered in this case on March 24, 2010, I told plaintiff that before I could consider her request to proceed *in forma pauperis* she would have to submit an amended affidavit of indigency. Plaintiff has submitted the requested affidavit. From the affidavit of indigency, I conclude that she may not proceed without prepaying the fees and costs because she is not indigent under this court's standards.

  The standard for determining whether plaintiff qualifies for indigent status is the following:

- From plaintiff's annual gross income, the court subtracts $3700 for each dependent excluding the plaintiff.

- If the balance is less than $16,000, the plaintiff may proceed without any prepayment of fees and costs.

- If the balance is greater than $16,000 but less than $32,000, the plaintiff must prepay half the fees and costs.

- If the balance is greater than $32,000, the plaintiff must prepay all fees and costs.

- Substantial assets or debts require individual consideration.

In this case, plaintiff has one dependent. Her monthly income is $200 and her husband's monthly income is $140. Under Wisconsin's marital property laws, plaintiff's husband's income is considered to be plaintiff's as well. Thus, plaintiff's annual income is $380 after subtracting $3,700 for one dependent. However, plaintiff and her spouse own a $23,000 house in which they have $21,000 in equity, two cars with a value of approximately $1,250, and have a total of $9,756 in checking and savings accounts. These assets are substantial and can be used to pay the costs of filing this lawsuit.

## ORDER

IT IS ORDERED that plaintiff's request for leave to proceed *in forma pauperis* in this action is DENIED because plaintiff does not qualify for indigent status.

Further, IT IS ORDERED that plaintiff may have until May 17, 2010, in which to pay the $350 fee for filing his lawsuit. If, by May 17, 2010, plaintiff fails to pay the fee, the clerk of court is directed to enter judgment dismissing this case without prejudice for plaintiff's failure to prosecute it.

Entered this 19th day of April, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge