IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOYCE SUZANNE MURPHY,

                                                            ORDER

           Plaintiff,

                                                    10-cv-114-bbc[1]

     v.

STATE OF WISCONSIN DEPT. OF JUSTICE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this case, plaintiff Joyce Suzanne Murphy is suing the State of Wisconsin Department of Justice under 42 U.S.C. § 1983 for its failure "to act in protecting plaintiff and her family, since 2002, from a cadre of Wisconsin state government officials in multiple Wisconsin state agencies under their regulation." Plt.'s Br., dkt. #13, at 1. Now before the court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). That motion will be granted.

As defendant pointed out, claims under § 1983 can be brought only against "persons" and a state agency such as defendant is not a "person" under § 1983. 42 U.S.C. § 1983;

---

[1] This case was assigned to me automatically after the parties declined the jurisdiction of Magistrate Judge Stephen L. Crocker over their case..

1

Will v. Michigan Dept. of State Police, 491 U.S. 58, 65-66 (1989). Plaintiff has no response to this argument, except to "invoke[] the aid of this court in helping the Wisconsin State Dept. of Justice do some internal house cleaning" because it currently contains a "cadre" of corrupt government officials. Plt.'s Br., dkt. #13, at 3. Plaintiff's arguments do not address the limitations in § 1983 or explain why she should be allowed to proceed against a state agency. Moreover, although she mentions "government officials" generally, she does not suggest that she wishes to proceed against any particular officials, maintaining that she should be allowed to sue the state agency. Because she is wrong, her complaint must be dismissed for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that defendant State of Wisconsin Dept. of Justice's motion to dismiss plaintiff Joyce Suzanne Murphy's complaint, dkt. # 11, is GRANTED and plaintiff's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 29th day of September, 2010.
BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

2